UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JIA YOU ZENG,

                              Petitioner,

         v.

TODD BLANCHE, *et al.*,

                              Respondents.

CASE NO. 2:26-cv-01279-GJL

ORDER ON PETITION FOR WRIT
OF HABEAS CORPUS

Petitioner Jia You Zeng ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On April 14, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from custody and injunctive relief. *Id.*

Respondents to the Petition include Todd Blanche (Acting Attorney General of the United States), Markwayne Mullin (Secretary of the United States Department of Homeland Security), Julio Hernandez (Acting Field Office Director for ICE's Seattle Field Office), Bruce

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 1

Scott (Warden of the NWIPC), and U.S. Immigration and Customs Enforcement (collectively "Respondents").

The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 3. On April 15, 2026, the Court ordered Respondents to show cause why a writ of habeas corpus should not be granted. Dkt. 2. The Petition has been fully briefed. Dkts. 1, 5, 8.

Having considered the Parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition (Dkt. 1) **IN PART** and **ORDERS** Petitioner's immediate release and permanent injunctive relief as set forth in the conclusion below.

## I.    FACTUAL BACKGROUND

Petitioner is a native and citizen of the People's Republic of China. Dkt. 1 at 6; Dkt. 6 at 2. He entered the United States without inspection in May 2009. Dkt. 1 at 6; Dkt. 6 at 2. In October 2009, Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture. Dkt. 1 at 7; Dkt. 6 at 2. In December 2009, U.S. Citizenship and Immigration Services ("USCIS") denied Petitioner's application, referred the matter to the Immigration Court, and issued a Notice to Appear, stating that Petitioner was removable from the United States pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). Dkt. 6 at 2; Dkt. 7-2; Dkt. 7-8.

After a hearing on the merits, an Immigration Judge ("IJ") issued a decision on April 30, 2015, ordering Petitioner removed to China, denying asylum, and denying withholding of removal. Dkt. 1 at 7; Dkt. 6 at 2; Dkt. 7-3. On May 26, 2015, Petitioner appealed the decision to the Board of Immigration Appeals ("BIA"). Dkt. 6 at 2. Over one year later, on August 18, 2016, the BIA dismissed Petitioner's appeal. Dkt. 1 at 7; Dkt. 7-4. On September 16, 2016, Petitioner filed a petition for review with the U.S. Court of Appeals for the Second Circuit. Dkt. 1 at 7; Dkt.

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 2

1-1 at 3, Ex. A; Dkt. 6 at 3. On January 3, 2017, the Second Circuit dismissed the appeal, remanded the case to the BIA, and ordered Respondents to provide twenty-one days' advance notice before any attempt to remove Petitioner. Dkt. 1-1 at 3, Ex. A; Dkt. 6 at 3.

On June 5, 2023, Petitioner was arrested by the Burlington Police Department for manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled dangerous substance. Dkt. 1 at 7; Dkt. 7-7 at 4. On October 9, 2024, Petitioner was convicted of second-degree possession of a controlled substance with intent to distribute and sentenced to ten days in confinement and five years on probation. Dkt. 1 at 7; Dkt. 7-7 at 4. Petitioner asserts he served his ten-day sentence that same year in 2024. Dkt. 1 at 7.

Petitioner's 2023 arrest resulted in his initial immigration detention in New Jersey despite no conviction or sentence at that time. Dkt. 1 at 7; Dkt. 6 at 3. Petitioner was detained by ICE on June 14, 2023. Dkt. 1 at 7; Dkt. 6 at 3. Almost 90 days later, on September 7, 2023, Petitioner was released on an Order of Supervision ("OSUP"). Dkt. 1 at 7; Dkt. 6 at 3. After his release, Petitioner met with ICE officers every three months in compliance with the conditions of his OSUP. Dkt. 1 at 7.

On June 8, 2025, Petitioner appeared for a routine check-in during which ICE re-detained him, citing his final order of removal and previous criminal conviction. *Id.*; Dkt. 6 at 3. Petitioner contends Respondents did not make any individualized determination that Petitioner had become a flight risk or danger to his community since his previous release under supervision in 2023. Dkt. 1 at 7.

On June 25, 2025, Respondents filed a letter to reinstate the immigration proceeding before the U.S. Court of Appeals for the Second Circuit and notified the Second Circuit—in accordance with the Order previously issued on January 3, 2017—that they intended to remove

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 3

Petitioner. Dkt. 1-1 at 4, Ex. A; Dkt. 6 at 4. On July 24, 2025, the Second Circuit issued a preliminary stay of removal. Dkt. 5 at 5; Dkt. 6 at 4. Respondents state that they made no attempts to remove Petitioner due to the preliminary stay order. Dkt. 6 at 4. On March 31, 2026, the Second Circuit denied Petitioner's motion for stay of removal. *Id.*; Dkt. 1-1 at 6, Ex. A.

Notably, in addition to this procedural history, Respondents also allege that on or around December 15, 2023, Petitioner, through counsel, filed a motion to re-open his removal proceedings with the BIA. Dkt. 6 at 3. Respondents contend that motion remains pending before the BIA. *Id*. Respondents also contend that, despite the Second Circuit's denial of the preliminary stay order on March 31, 2026, they have not made any attempts to remove Petitioner due to his alleged pending motion to re-open his removal proceedings before the BIA. *Id.* at 4.

Petitioner remains detained at the NWIPC. *Id.* Petitioner has now been detained for over eleven months since his re-detention on June 8, 2025. *Id.* at 3–4; Dkt. 1 at 7.

## II.    LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, a habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 4

### III.   DISCUSSION

**A.   Petitioner's Detention is Unlawful and Petitioner is Entitled to Release**

1.   Petitioner's Detention Has Become Indefinite

In this action, Petitioner challenges the constitutionality of his detention pursuant to 8 U.S.C. § 1231, which takes effect once a final order of removal has been entered by an IJ.[1] The first ninety-day period following the entry of a final removal order is known as the "removal period." 8 U.S.C. § 1231(a)(1)(A). To ensure a noncitizen's presence for removal and to protect the community from dangerous noncitizens who are awaiting removal, the INA mandates detention during the removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the [DHS Secretary] shall detain the [noncitizen].") (emphasis added). Once a ninety-day removal period has expired, as occurred in this case, detention of unremoved noncitizens is no longer mandatory; instead, continued detention is committed to the discretion of the DHS Secretary. 8 U.S.C. § 1231(a)(6).

There is no textual limit on the DHS Secretary's discretion to detain certain noncitizens beyond the initial ninety-day removal period. However, in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court interpreted the INA to authorize the detention of noncitizens subject to removal orders only for a period "reasonably necessary to secure [their] removal." *Id.* at 699. By interpreting the INA in this way, the Supreme Court avoided a "serious constitutional threat"

---

[1] Although Respondents contend Petitioner's motion to re-open his removal proceedings with the BIA remains pending (Dkt. 6 at 3.), they did not file with the Court a copy of the referenced pending motion or any pending appeal. *Id.*; *see docket*. In Reply, Petitioner's counsel asserts they are "unaware and [have] been unable to independently confirm to date that any such motion to reopen was submitted by Petitioner[.]" Dkt. 8 at 2. Despite this uncertainty, the Parties do not dispute that Petitioner's detention is governed by 8 U.S.C. § 1231, nor do they dispute that Petitioner is subject to a final order of removal. *See* Dkt. 1 at 8–9, 20; Dkt. 5 at 2–3; Dkt. 8 at 3. Accordingly, the Court need not consider further protections for Petitioner in light of the unsupported statement that there is a pending motion for appeal.

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 5

posed by granting the discretionary authority to order noncitizens detained for indefinite durations. *Id.*

Under *Zadvydas*, an order of detention during the first six months after entry of a final removal order is presumptively reasonable. *Id.* at 701. After the presumptively reasonable 180-day window has elapsed, courts apply a burden-shifting framework to determine whether a noncitizen's detention is of an indefinite duration in violation of the INA and due process. *Id.*

Within this framework, the noncitizen carries the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The "good reason to believe" standard "does not place a burden upon the detainee to demonstrate [there is] no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Shirdoon v. Scott,* No. 2:26-cv-01150-GJL, 2026 WL 1265503, at *3 (W.D. Wash. May 8, 2026) (citing *Senor v. Barr*, 401 F. Supp. 3d 420, 430 (W.D.N.Y. 2019)). If the noncitizen provides good reason, the burden then shifts to the Government to show that removal remains likely within a reasonable timeframe. *Zadvydas*, 533 U.S. at 701. If the Government fails to submit sufficient rebuttal evidence showing that removal is likely to occur within the reasonably foreseeable future, then the noncitizen is entitled to habeas corpus relief. *Id.*

Here, while there remains a question as to the exact date of Petitioner's final order of removal, the Parties agree Petitioner's detention has extended beyond the presumptively reasonable six-month period. Dkt. 8 at 3; Dkt. 5 at 5 ("Petitioner has now been in post-removal-order custody for approximately ten-and-a-half months since his re-detention…his current post-re-detention custody period of approximately ten-and-a-half months exceeds the six-month presumptive period[.]"). Thus, the Court analyzes Petitioner's indefinite detention claim under

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 6

the burden-shifting framework of *Zadvydas* wherein Petitioner bears the initial burden of providing good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future.

      2.    <u>Petitioner Provides Good Reason to Question the Likelihood of his Removal in the Reasonably Foreseeable Future</u>

Petitioner provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. First, Respondents have had ample time to effectuate Petitioner's removal but have not done so despite Petitioner's final order of removal dated nearly ten years ago. Dkt. 1 at 7–8; Dkt. 7-3; Dkt. 7-4; Dkt. 8 at 3. Second, Respondents have neither obtained the necessary travel documents nor made any arrangements to effectuate removal to China, the only country designated in Petitioner's order of removal. Dkt. 1 at 8; Dkt. 7-3; Dkt. 8 at 3. Third, Petitioner states, "China is only accepting deportees from the U.S. under limited circumstances," and Petitioner reports that China has not yet agreed to accept him. Dkt. 1 at 7–8; Dkt. 8 at 3. Fourth, Petitioner has no meaningful ties to any country other than the United States, and Respondents have given no indication that any third country would accept him. Dkt. 1 at 20. Fifth, on July 15, 2025, during Petitioner's current detention, Respondents admitted in proceedings before the Second Circuit that "there are no imminent removal plans" for Petitioner. Dkt. 1 at 7–8.

Accordingly, the burden shifts to Respondents to rebut Petitioner's showing that his removal is unlikely to occur in the reasonably foreseeable future.

      3.    <u>Respondents Have Not Rebutted Petitioner's Showing</u>

Respondents have not produced specific evidence demonstrating removal is likely to occur in the reasonably foreseeable future. Specifically, Respondents have neither tendered evidence that they have obtained travel documents nor that they have initiated the process to

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 7

obtain travel documents. Rather, Respondents explain that the "delay in effecting removal stems directly from Petitioner's . . . motion to reopen removal proceedings" and that "the travel documents necessary for removal to China will be obtained promptly upon resolution of that motion." Dkt. 5 at 6.

Respondents cite *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008), to argue that "detention pending resolution of collateral challenges or proceedings initiated by the [noncitizen] does not render removal unforeseeable under *Zadvydas*." Dkt. 5 at 6–7. This authority is inapposite to the instant facts.

Respondents suggest that, in *Prieto-Romero*, the court rejected a *Zadvydas* claim when removal was delayed solely by the noncitizen's pursuit of judicial review. *Id.* at 7 (citing *Prieto-Romero*, 534 F.3d at 1063, and arguing that the lack of a certain end date for the proceedings alone does not render Petitioner's detention indefinite). However, notwithstanding the pending judicial review, the court in *Prieto-Romero* found the petitioner's release was reasonably foreseeable because respondents demonstrated *with undisputed evidence* that removal was possible upon completion of the judicial review. *Prieto-Romero*, 534 F.3d at 1063–65. Here, the Government has not made a similar showing.

Moreover, Petitioner does not rely on the alleged pending motion to show that his removal is unforeseeable, and Respondents have failed to show that removal is possible upon completion of any pending action. Instead, Respondents concede that they *have yet to initiate* the process for removal to China and have "chosen not to pursue further removal efforts until the [alleged] motion is decided." Dkt. 5 at 5; Dkt. 6 at 4. Despite not initiating the process for removal, Respondents cling to the opaque representation that they "anticipate[] that the necessary travel documents for removal to China will be obtained promptly upon resolution of

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 8

the [pending] motion." Dkt. 5 at 12; Dkt. 6 at 4. However, Respondents do not offer any evidence in support of this statement. *See docket*; *see also Jaranow v. Bondi*, No. 2:25-cv-02396-TL, 2026 WL 35864, at *4 (W.D. Wash. Jan. 6, 2026)("The fact that Respondents intend to complete a travel document request for Petitioner does not make it significantly likely he will be removed in the foreseeable future.")(citing *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025)).

Respondents' vague assertion that they "anticipate[]" they will acquire the proper documents to effectuate Petitioner's removal is insufficient to rebut Petitioner's showing. *Id.*; *see also Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025) ("Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur."); *Kamyab v. Bondi*, No. 2:25-cv-00389-RSL, 2025 WL 2917522, at *4 (W.D. Wash. Oct. 14, 2025) (reasoning that "these generalized statements are far too vague and conclusory to rebut petitioner's showing in this particular matter" and granting habeas relief where respondents did "not [make] clear to the [c]ourt that it . . . submitted appropriate documentation [to effectuate removal].").

Alternatively, Respondents also argue that Petitioner's conviction "provides an independent and significant basis for continued detention[,]" but this argument misses the mark in the *Zadvydas* context. Simply put, Petitioner's conviction is irrelevant to whether removal is reasonably foreseeable. *Majekaodunmi v. Scott*, No. 2:26-cv-01026-TL, 2026 WL 1283519, at *4 (W.D. Wash. May 11, 2026).

As Respondents offer no specific evidence demonstrating the likelihood of removal, they have not rebutted Petitioner's showing. Accordingly, Petitioner's continued detention is no longer authorized by the INA as construed in *Zadvydas* and runs afoul of due process. Because

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 9

the Court will grant the release of Petitioner on his first ground for relief, the Court declines to reach Petitioner's second, third, and fourth grounds for relief, which appear to be pled in the alternative.[2]

**B.    Petitioner Is Entitled, in Part, to Injunctive Relief**

In addition to his immediate release, Petitioner seeks four forms of prospective injunctive relief: (1) an injunction enjoining Respondents from re-detaining Petitioner without first holding a hearing before a neutral decisionmaker at which the Government bears the burden of establishing flight risk or danger to the community by clear and convincing evidence based on changed circumstances since Petitioner was previously released; (2) an injunction enjoining Respondents from re-detaining Petitioner without obtaining a valid travel document to China, providing the valid travel document to him and his counsel, and offering him the opportunity to leave on his own within two months; (3) an injunction enjoining Respondents from removing or seeking to remove Petitioner to a third country without notice and meaningful opportunity to respond; and (4) an injunction enjoining Respondents from removing Petitioner to any third country where he is likely to face imprisonment or other punishment upon arrival. Dkt. 1 at 20–27.

1.    <u>Petitioner Is Entitled to Notice and a Meaningful Opportunity to be Heard Before Being Re-detained</u>

The Court finds that issuing injunctive relief related to Petitioner's potential re-detention is appropriate. The federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation."

---

[2] Petitioner appears to set forth the first, third, and fourth grounds for relief as grounds for Petitioner's release, while the fifth and sixth grounds for relief appear to request separate injunctive relief. Dkt. 1 at 20–25. The second ground for relief appears to request both Petitioner's release and separate injunctive relief. *Id.*

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 10

*Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). A plaintiff seeking a permanent injunction must demonstrate:

> (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). To demonstrate that ongoing relief is needed, the party seeking a permanent injunction must establish "some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman*, 977 F.3d at 942 (alteration in original) (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

First, Petitioner has suffered irreparable harm, and such harm is likely to recur absent injunctive relief to protect against further violations. Specifically, Respondents have detained Petitioner without following their agency regulations and have identified him as a target for detention, demonstrating that Petitioner faces a continuing threat of re-detention without procedural protections as Respondents attempt to effectuate removal. *See Somsanuk v. Bondi*, No. 2:26-cv-00048-MLP, 2026 WL 221139, at *4–5 (W.D. Wash. Jan. 28, 2026); *see also Abghari v. Hermosillo*, No. 2:26-cv-00269-JNW, 2026 WL 503317, at *4 (W.D. Wash. Feb. 24, 2026) (collecting cases).

Petitioner argues that Respondents revoked his prior release without abiding by the proper regulations or providing adequate notice or an opportunity to be heard. Dkt. 1 at 7, 20–22. Respondents counter that the procedures set forth in 8 C.F.R. § 241.4(l) govern Petitioner's re-

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 11

detention, but Respondents fail to demonstrate that they have complied with those procedures. *See docket.*

Respondents offer no evidence to suggest that they provided Petitioner with a Notice of Revocation nor that they afforded Petitioner an informal interview as the regulations require. *Id.*; *see* 8 C.F.R. § 241.4(l). Rather, Respondents merely state that they "decided to detain the Petitioner because of his removal order and his recent criminal conviction." Dkt. 6 at 3. However, the Government's tendered motive does not explain, much less justify, its decision to deprive the Petitioner of due process. *See, e.g.*, *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025) ("[T]he fact that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process."). Absent injunctive relief, Petitioner may be subject to the same violative conduct again.

The other *eBay* factors similarly favor injunctive relief: (1) Monetary damages are an inadequate remedy for deprivation of liberty; (2) requiring Respondents to follow their own procedures and constitutional procedures imposes no undue hardship; and (3) the public interest favors compliance with the law. *See Palacios v. Hermosillo*, No. 2:26-cv-491-JNW, 2026 WL 686138, at *10 (W.D. Wash. Mar. 11, 2026). Courts in this District routinely grant such relief under comparable circumstances and on far lesser grounds. *See id.* (compiling cases). The Court finds that Petitioner is therefore entitled to injunctive relief related to any future re-detention.

2.      Petitioner's Claims Regarding Third Country Removal Are Not Yet Ripe

Petitioner further seeks injunctive relief enjoining Respondents (1) from removing or seeking to remove him to a third country without notice and a meaningful opportunity to respond thereto and (2) from removing him to any third country where he is likely to face imprisonment or other punishment upon arrival. Dkt. 1 at 20–27.

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 12

Indeed, this Court and many others have ruled in other cases that Respondents' third-country removal policy does not comport with due process and have ordered similar relief. *See, e.g.*, *Nguyen*, 796 F.Supp.3d at 728–29; *Baltodano v. Bondi*, 815 F. Supp. 3d 1191, 1199 (W.D. Wash. 2025); *Kumar v. Wamsley*, 817 F. Supp. 3d 1059, 1068 (W.D. Wash. 2025). However, the Court finds this request is not yet ripe as the record demonstrates that Respondents have not expressed an intent to remove Petitioner to a third country for the purposes of either general or punitive removal, and Petitioner has not expressly shown how he is similarly situated to the petitioners in the cases he submits in support. *Msharif v. Hernandez*, No. 2:26-cv-01121-GJL, 2026 WL 1256140, at *3 (W.D. Wash. May 7, 2026).

## IV.    RELIEF

Having determined that Petitioner's continued detention is no longer authorized, the Court must determine the proper scope of habeas relief. Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Supreme Court in *Zadvydas* considered conditional release the appropriate remedy once detention exceeds the period reasonably necessary to effectuate removal. 533 U.S. at 699–700. Accordingly, the Court concludes that the appropriate relief for Petitioner's unlawful detention is an order directing Respondents to release Petitioner from immigration detention under reasonable conditions of supervision.

In addition to immediate release, Petitioner asks that Respondents be enjoined from (1) re-detaining him without first holding a hearing before a neutral decisionmaker at which the Government bears the burden of establishing flight risk or danger to the community by clear and convincing evidence based on changed circumstances since Petitioner was previously released;

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 13

(2) re-detaining him without obtaining a valid travel document to China, providing the valid travel document to him and his counsel, and offering him the opportunity to leave on his own within two months; (3) removing or seeking to remove him to a third country without notice and meaningful opportunity to respond; and (4) removing him to any third country where his is likely to face imprisonment or other punishment upon arrival. Dkt. 1 at 20–27.

Where, as here, Petitioner faces a threat of future injury without the grant of injunctive relief, the Court finds a permanent injunction appropriate.[3] The Court concurs that, consistent with the requirements of due process, Respondents must provide written notice and a hearing before a neutral decisionmaker in conjunction with future re-detention decisions.

With respect to the evidentiary burden and specific conduct required, however, the Court declines to prescribe a particular procedural framework for all possible re-detention decisions Petitioner may face. Thus, with respect to Petitioner's first and second requests for injunctive relief, the Court will enjoin Respondents from re-detaining Petitioner without first holding a hearing before a neutral decisionmaker. With respect to Petitioner's third and fourth requests for injunctive relief, because the claims are not yet ripe, the Court denies without prejudice Petitioner's requests to enjoin Respondents from removing him to a third country in the future.

//

//

_____

[3] This relief is consistent with relief fashioned by other courts in this District. *See, e.g.*, *Wana v. Bondi*, No. 25-cv-2321, 2025 WL 3628634, at *6 (W.D. Wash. Dec. 15, 2025) (prohibiting re-detention without notice and hearing); *Tzafir v. Bondi*, No. 25-CV-02067-JHC-SKV, 2026 WL 74088, at *5 (W.D. Wash. Jan. 9, 2026) (same); *Yuksek v. Bondi*, No. 25-cv-2555, 2026 WL 60364, at *5 (W.D. Wash. Jan. 8, 2026) (same); *Shinwari v. Hermosillo*, No. 2:26-cv-00009-RAJ, 2026 WL 262605, at *4 (W.D. Wash. Jan. 30, 2026) (ordering petitioners shall not be re-detained "unless and until" they are provided "with 10 days' written notice and a meaningful opportunity to be heard before an immigration judge to determine whether detention is appropriate."); *E.A. T.-B. v. Wamsley*, 795 F.Supp. 3d 1316, 1324 (W.D. Wash. 2025) (ordering that petitioner "may not be re-detained until after an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate"); *but see Torres v. Hermosillo*, No. 2:25-cv-02687-LK, 2026 WL 145715, at *8 (W.D. Wash. Jan. 20, 2026) (denying permanent injunction where petitioner failed to allege facts demonstrating threat of future harm).

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 14

## V.    CONCLUSION

Based on the foregoing, the Court **GRANTS** the petition for writ of habeas corpus (Dkt. 1) and **GRANTS IN PART** Petitioner's request for a permanent injunction. The Court **ORDERS** as follows:

(1)    Respondents **SHALL** immediately release Petitioner Jia You Zeng from custody on reasonable conditions of supervision;

(2)    Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them **SHALL NOT** re-detain Petitioner unless an Immigration Court hearing is held (on adequate notice) to determine whether detention is appropriate; and

(3)    Respondents **SHALL** file a declaration with the Court within **twenty-four hours** of this Order, confirming that Petitioner has been released from immigration detention and providing the date and time of his release.

Finally, the Court will entertain post-judgment requests for attorney's fees, as requested in the Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 22nd day of May, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER ON PETITION FOR WRIT OF HABEAS
CORPUS - 15